*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

JOSHUA F.L. BALDWIN,

Defendant-Appellant.

UNPUBLISHED
February 20, 2025
9:05 AM

No. 367469
Bay Circuit Court
LC No. 17-010120-FH

Before: GADOLA, C.J., and CAMERON and ACKERMAN, JJ.

PER CURIAM.

Defendant, Joshua F.L. Baldwin, appeals by leave granted[1] the trial court's order denying his motion for relief from judgment under MCR 6.500 *et seq*. We affirm.

## I. FACTS AND PROCEDURAL HISTORY

In April 2003, defendant was convicted of three counts of indecent exposure requiring him to register as a sex offender under Michigan's Sex Offender Registration Act (SORA), MCL 28.721 *et seq*. Defendant failed to register in compliance with SORA, and, in June 2017, pleaded guilty to failing to register under the 2011 version of SORA. See former MCL 28.729(1)(a), as amended by 2011 PA 18. Defendant was sentenced to probation and a term of incarceration. While on probation in 2018, defendant was arrested for a controlled substance violation. He pleaded guilty to a probation violation and was sentenced to 237 days in jail in June 2021.

Thereafter, defendant moved for relief from judgment, asking that the trial court vacate his SORA-registration conviction and related sentence. He argued that the conviction violated the prohibitions against ex post facto punishments found in both the Michigan and United States constitutions. He noted that, after he was sentenced, our Supreme Court decided *People v Betts*,

---

[1] *People v Baldwin*, unpublished order of the Court of Appeals, entered February 13, 2024 (Docket No. 367469).

-1-

507 Mich 527, 562-563; 968 NW2d 497 (2021), which held that retroactive application of 2011 SORA was unconstitutional. The trial court denied defendant's motion. This appeal followed.

## II. STANDARD OF REVIEW

"A trial court's decision on a motion for relief from judgment is reviewed for an abuse of discretion." *People v Christian*, 510 Mich 52, 74; 987 NW2d 29 (2022). "An abuse of discretion occurs when the court makes a decision that falls outside the range of reasonable and principled outcomes, or makes an error of law[.]" *Id*. at 75 (quotation marks and citation omitted). Questions of statutory interpretation and the application of court rules are reviewed de novo. *People v Cole*, 491 Mich 325, 330; 817 NW2d 497 (2012).

## III. LAW AND ANALYSIS

Defendant argues that, under our Supreme Court's decision in *Betts*, 507 Mich 527, he is entitled to have his failure-to-register conviction vacated, and, therefore, the trial court abused its discretion in denying his motion for relief from judgment. We disagree.

In enacting SORA, the Legislature declared that "a person who has been convicted of committing an offense covered by this act poses a potential serious menace and danger to the health, safety, morals, and welfare of the people, and particularly the children, of this state." MCL 28.721a. Accordingly, SORA was intended "to better assist law enforcement officers and the people of this state in preventing and protecting against the commission of future criminal sexual acts by convicted sex offenders." *Id*.

Since its enactment in 1994, "[t]he Legislature has modified SORA over the past nearly 30 years in a series of amendments introducing new provisions; contracting, expanding, and removing established provisions; creating new ameliorative provisions; and in the case of the 2011 amendments, completely restructuring the statutory scheme." *Betts*, 507 Mich at 573. "The 2011 amendments completely restructured SORA through the imposition of a tiered classification system, and the duties and requirements of each registrant were based on that registrant's tier classification." *Id*. at 564.

*Betts* examined the constitutionality of the 2011 amendments. The defendant in *Betts* was convicted in 1993 of second-degree criminal sexual conduct (CSC-II), MCL 750.520c, and was sentenced to a term of imprisonment. *Betts*, 507 Mich at 536. In 2012, after he completed parole, the defendant pleaded no contest to several violations of the 2011 SORA, "conditional on his ability to challenge on appeal the constitutionality of the retroactive application of the 2011 SORA." *Id*. at 537. Our Supreme Court held "that the 2011 SORA, when applied to registrants whose criminal acts predated the enactment of the 2011 SORA amendments, violates the constitutional prohibition on ex post facto laws." *Id*. at 574. As to the *Betts* defendant specifically, the Court vacated his conviction for failing to register under the 2011 SORA, "because the crime subjecting him to registration occurred in 1993[.]" *Id*.

This Court recently considered another situation involving a defendant, who, in 2004, was convicted as a juvenile of three counts of third-degree criminal sexual conduct (CSC-III), MCL 750.520d. *People v Shaver*, ___ Mich App ___, ___; ___ NW3d ___ (2024) (Docket No. 361488); slip op at 2. After his release from juvenile detention in 2009, the *Shaver* defendant was required

to register any changes of address with law enforcement. *Id*., citing MCL 28.729 *et seq*. The defendant failed to comply, and, in 2016, was convicted and sentenced to violations of the 2011 SORA requirements. *Shaver*, ___ Mich App at ___; slip op at 2. In 2022, the defendant moved for relief from judgment under *Betts*. *Shaver*, ___ Mich App at ___; slip op at 2.

On appeal, this Court considered the specific question of "whether *Betts* is to be applied retroactively." *Shaver*, ___ Mich App at ___; slip op at 3. In analyzing this question, we recognized that, unlike the *Betts* defendant, the *Shaver* defendant's appeal was brought as a collateral attack, rather than as a direct appeal. *Shaver*, ___ Mich App at ___; slip op at 5. We thus examined the standards for retroactivity and determined that "*Betts* applies prospectively, and those whose convictions were finalized before *Betts* was decided [were] not entitled to collateral relief." *Shaver*, ___ Mich App at ___; slip op at 9.

Here, it is undisputed that defendant's appeal is brought as a collateral attack on his underlying SORA conviction and that his conviction was finalized before *Betts* was decided on July 21, 2021. Defendant is therefore not entitled to relief, because *Betts* only applies prospectively. *Shaver*, ___ Mich App at ___; slip op at 9. It was therefore not an abuse of discretion for the trial court to deny defendant's motion for relief from judgment.

Affirmed.

/s/ Michael F. Gadola
/s/ Thomas C. Cameron
/s/ Matthew S. Ackerman